FRANCESCO P. MATARESE *vs.* FERDINANDO CALDARONE and CARLO CALDARONE.

PROVIDENCE—JULY 30, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Equity. Fraudulent Transfer. Adequate Remedy at Law.*

A creditor's bill in equity can not be maintained until a judgment at law has been obtained and execution thereon has issued and been returned unsatisfied.

A bill in equity alleged that complainant had sold a saloon to B., receiving therefor certain promissory notes of B.'s; that previous to the maturity of the second note B. transferred the saloon to C. and applied for a transfer of the license, alleging that the sole purpose of such transfer was to prevent complainant from collecting the notes from B.; that C. was fully informed of such facts. The bill asked that B. be restrained from transferring the license and that the transfer of the saloon be set aside:—

*Held*, that complainant had an adequate remedy at law.

BILL IN EQUITY, on facts set forth in opinion. Heard on demurrer to bill, and demurrer sustained.

TILLINGHAST, J.   The bill sets out that on the 13th day of February, 1903, the complainant owned and operated a liquor saloon in Providence, having a license therefor, and that he then transferred a one-half interest therein to the respondent Ferdinando, with whom he formed a copartnership to carry on said business, the latter paying a certain sum in cash for said one-half interest in the business, and also giving four promissory notes for the sum of one hundred dollars each, said notes being payable in four, eight, twelve, and sixteen months, respectively, from February 13, 1903, and that the copartnership carried on said business until August 15th, 1903, at which

time complainant sold his one-half interest therein to his part-
ner Ferdinando, for the sum of two hundred and fifty dollars;
that during the negotiations referred to the respondent Carlo
Caldarone was present and advised said Ferdinando, and the
complainant alleges that he is informed and believes that said
Carlo furnished the money for said transaction to said Ferdi-
nando.

The bill further sets out that the second note in the series
above mentioned fell due on the 13th day of October, 1903;
that previous thereto said Ferdinando transferred all of his
interest in the business to said Carlo and applied for a transfer
of the license to him, and that the complainant is informed
and believes that the sole purpose of said transfer was to pre-
vent the complainant from collecting said note out of the
tangible property of said Ferdinando.

The complainant avers, and says he is ready to prove, that
said Ferdinando Caldarone has no other tangible property
except the saloon in question, and further that though requested
he has refused to pay the note aforesaid at the maturity there-
of; that at and after the transaction by which the complainant
transferred his interest in the business to said Ferdinando, he
requested said Carlo to indorse the notes above mentioned,
which he refused to do, and also advised the maker thereof
not to provide an indorser therefor. The bill then alleges
that said Carlo Caldarone was fully informed of all the mat-
ters and things between the complainant and said Ferdinando
before the transfer of the saloon to the latter, and that said
Carlo knew that the notes which were given to the complainant
as a part of the purchase price therefor were still outstanding
and unpaid.

The prayer of the bill is that the respondents may be re-
strained by injunction from transferring said saloon or the
license therefor to any person, and that the transfer of the
saloon to said Carlo by Ferdinando, may be set aside,

To this bill the respondent Carlo Caldarone has demurred,
on the grounds (1), that the complainant has an adequate
remedy at law, and (2), that he has never obtained any judg-
ment against either of said parties respondent.

(1)    We do not think that the bill states a case which is cognizable by a court of equity. The remedy at law for the collection of promissory notes has always been considered as an adequate one, and we do not feel disposed to establish any new precedent in this case.

The claim made by complainant's counsel in his brief, that at the time of the filing of the bill complainant had no adequate remedy at law, because the second note in the series aforesaid was not due, is not in accordance with the fact appearing in the bill, as, being an eight months' note, and having been given on February 13, 1903, it must have fallen due several days prior to the date of the filing of the bill, which was on October 23, 1903.

This being so, there was no reason why the complainant could not have brought an action at law thereon, and either have caused the respondent Ferdinando to be arrested on an affidavit of fraud under the statute, or have attached the property which is alleged to have been conveyed in fraud of the complainant as a creditor of said Ferdinando. Even if the conveyance from Ferdinando, the maker of the notes, to Carlo was a voluntary one, and made for the purpose of preventing complainant from collecting said notes out of the tangible property of Ferdinando, as complainant alleges he believes it was, the remedy at law, as already suggested, is adequate, and that remedy must be pursued. And the proposition advanced by counsel, to the effect that equity will interfere to set aside a fraudulent conveyance, simply because the debtor making the same owes the complainant money and has no other tangible property with which to pay it than that thus conveyed, and this before any judgment at law has been obtained, is certainly a novel one and quite contrary to our understanding of the law of equity jurisdiction.

There is nothing in the bill, taken in its most favorable aspect for the complainant, which takes the case out of the ordinary and well-settled rule in this State—and such is the rule generally—that a creditor's bill can not be maintained until a judgment at law has been obtained, and execution thereon has issued and been returned unsatisfied. *McKenna* v. *Crowley*,

16 R. I. 364; *Stone* v. *Westcott,* 18 R. I. 517; *First National Bank* v. *Randall,* 20 R. I. 319; Pom Eq. Juris. vol. 3, 2d ed. § 1415, and cases collected in note 4 on pp. 2183–4.

The demurrer is sustained, and bill dismissed.

*Charles A. Walsh,* for complainant.

*Edward D. Bassett,* for respondents.